** NOT PRINTED FOR PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LEONARD G. DUPLANTIS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION No. 9-13-CV-56 |
| v. | § | |
| | § | JUDGE RON CLARK |
| PAUL JAMES, et al., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR A JUDGMENT AS A MATTER OF LAW

Plaintiff, pursuant to Fed. R. Civ. P. 50, moved for a judgment as a matter of law as to whether Plaintiff was an employee or an independent contractor. The Texas Supreme Court has articulated a nonexclusive list of factors to use in determining whether a person is an independent contractor: the independent nature of the business; the obligation to furnish necessary tools, supplies, and materials to perform the job; the right to control the progress of the work; the time for which he is employed; and the method of payment, whether by the hour or by the job. *Tex. A&M Univ. v. Bishop*, 156 S.W.3d 580, 584-85 (Tex. 2005) (quoting *Indus. Idem. Exch. V. Southard*, 160 S.W.2d 905, 906 (Tex. 1942)). When the underlying facts are not in dispute, the status of a worker becomes a question on law, but when there are disputed issues that could lead to more than one reasonable conclusion, the matter must go to the jury. *See id.* at 585. The testimony of the parties on these factors presented a direct conflict, which could only be resolved by a determination of the credibilty of the parties. The issue was submitted to the jury. The jury

1

returned a finding of independent contractor status, which, if the jury believed Mr. and Mrs. James, and disbelieved Mr. Duplantis, the evidence supports.

Therefore the court DENIES Plaintiff's motion for judgment as a matter of law.

So **ORDERED** and **SIGNED** this **18** day of **August, 2014.**

_____
Ron Clark, United States District Judge